# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA DELONEY, successor in interest to DECEDENT JOHN MAYBERRY<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants. | 1:17-cv-01336-LJO-EPG<br><br>ORDER GRANTING DEFENDANT CORIZON HEALTH INC.'S MOTION TO DISMISS<br><br>(ECF Nos. 9, 10, 11) |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno

Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff Wilma Deloney, Decedent John Mayberry's ("Decedent" or "Mayberry") mother, individually and as successor in interest of Mayberry's estate brings claims pursuant to 42 U.S.C § 1983 ("§ 1983") and California Code of Civil Procedure § 377.60 ("§ 377.60") related to the suicide of John Mayberry while in custody. Plaintiff sues the County of Fresno; deputy sheriffs Vinton, McCoy, Ramos, Canel, and Yusif; Criminal Justice Mental Health Therapists Yang, Kirkorian, Santos, Trow, and Whitecotton; Corizon Health, Inc., Corizon employee Garcia, and Does 1-50. Only Defendant Corizon Health, Inc. ("Corizon" or "Defendant") moves to dismiss Plaintiff's § 1983 claims and § 377.60 claim pursuant to its Rule 12(b)(6) motion. (ECF No. 9.) Additionally, Defendant moves to dismiss Plaintiff's injunctive relief request pursuant to Rule 12(b)(1). (*Id.*) On February 13, 2018, Plaintiff filed an opposition (ECF No. 10) and Corizon replied on February 20, 2018. (ECF No. 11.) The matter was taken under submission on the papers pursuant to Local Rule 230(g). For reasons set forth below, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## III. FACTUAL BACKGROUND[1]

Decedent Mayberry was an inmate in Fresno County Jail ("Jail") at the time of his death on August 2, 2016. (ECF No. 1 at ¶ 1.) The complaint alleges that Decedent was transferred multiple times between medium security housing, administrative segregation lockdown housing, safety housing, and isolation housing between March 11, 2016 and August 2, 2016. (*Id.* at ¶ 28.) Decedent

---

[1] The following facts are drawn from Plaintiff's complaint in this matter, and are accepted as true only for the purpose of this motion to dismiss. *See OSU Student All. v. Ray*, 699 F.3d 1053, 1058 (9th Cir. 2012).

2

was suicidal on multiple occasions at the Jail and "was previously classified as a high suicide risk at Fresno County Jail." (*Id.* at ¶ 31.) Decedent's history in this regard was allegedly accessible to all Defendants. (*Id.*) On August 2, 2016, while under the supervision of Defendants in the administrative segregation unit, but not on heightened suicide watch, Decedent hanged himself in his cell. (*Id.* at ¶ 33.) The complaint further alleges that "Defendants did not conduct actual checks of Decedent for an extended period of time." (*Id.*) Plaintiff alleges that Decedent was deprived of his constitutional right to life and medical and mental health care for his serious mental health needs. (*Id.* at ¶ 25.) Plaintiff Deloney, Decedent's mother, brings these claims as Decedent's successor in interest and individually for the deprivation of her right to her familial relationship with her son. (*Id.* at ¶ 8, p. 10.)[2]

Plaintiff brought claims against the County of Fresno ("County"), several deputy sheriffs employed by the County, several criminal justice mental health ("CJMH") therapists employed by the County,[3] Corizon, and Corizon employee Genevive Garcia. (*Id.* at ¶¶ 9-21.) The complaint alleges that Corizon provided medical and nursing care to prisoners and detainees in Fresno County jails pursuant to a contract with the County. (*Id.* at ¶10.) The complaint further alleges that Corizon was "responsible for making and enforcing policies, procedures and training relating to medical care of prisoners and detainees" at the jail. (*Id.*).

The complaint contains five causes of action, four of which arise under 42 U.S.C. § 1983. (*Id.* at pp. 9-12.) Plaintiff's first claim alleges § 1983 claims for wrongful death for deliberate indifference by all Defendants to Decedent's serious medical, physical, and mental health needs during his

---

[2] The Court notes that the paragraph numbering in the complaint restarts at paragraph number 24 on page nine. The Court refers to the page number citation after page nine to avoid confusion and duplication of previously numbered paragraphs.

[3] The Court notes that the complaint's caption identifies the CJMH therapists, namely Defendants Mai Yang, Donald Kirkorian, Jasmine Santos, Debbie Trow, and Marty Whitecotton, as employees of Corizon but the actual allegations in the complaint identify the same defendants as employees of the County. (*Id.* at ¶¶ 17-21.) Similarly, Plaintiff's opposition identifies Defendants Whitecotton and Yang as Corizon employees in contradiction to the allegations in the complaint. (*Compare Id.* ¶¶ 17, 21 *with* ECF No. 10 at 1, 4, 5).

detention. (*Id.* at pp. 9-10.) Plaintiff's second cause of action alleges that Defendants' actions deprived Plaintiff of her parent-child relationship with her son in violation of Plaintiff's Fourteenth Amendment right to substantive due process. (*Id.* at p. 10.)[4] Plaintiff's fourth cause of action alleges violation of Decedent's right to substantive due process under Fourteenth Amendment against all Defendants for deliberate indifference to Decedent's medical and psychiatric care in violation of the Fourteenth Amendment. (*Id.* p. 12.)[5] The fifth cause of action is against all defendants for Mayberry's wrongful death under a theory of negligence pursuant to California Civil Procedure Code § 377.60. (*Id.* at pp. 12-13.)

## IV. **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is

---

[4] Plaintiff's third cause of action, which is not directly relevant to this motion since it not brought against Corizon, alleges *Monell* liability against the County and unnamed defendants for customs, practices, and policies that were deliberately indifferent to Decedent's serious medical needs and safety. (*Id.* pp. 10-12.)

[5] In their motion to dismiss, Defendants do not distinguish between the first, second, and fourth causes of action. Rather, they argue that Plaintiffs' failure to plead that Corizon or its employees were deliberately indifference to a serious medical need is fatal to all three causes of action. To the extent that the first, second, and fourth causes of action overlap in the legal theories of liability they claim under § 1983, the Court does not address them separately. (*Compare id.* p. 9, *with* p. 10, *and* p. 12.)

4

and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. **DISCUSSION**

Defendant Corizon moves to dismiss the four causes of action that Plaintiff has brought against it, including three causes of action pursuant to § 1983 for deliberate indifference to both Mayberry and Plaintiff's constitutional rights in not providing adequate medical care and a wrongful death negligence claim pursuant to California Civil Procedure Code § 377.60. Defendant argues that the complaint has not offered sufficient factual allegations to plausibly suggest either § 1983 or negligence claims. The complaint only contains two paragraphs which identify Corizon specifically whereas the other allegations generally aver what all Defendants in general knew or did in violation of Decedent's and Plaintiff's constitutional rights. The complaint alleges the following as to Corizon specifically:

> 10. CORIZON HEALTH, INC. (hereinafter "CORIZON"), previously/also known as CORIZON, CORIZON HEALTH SERVICES, and CORIZON HEALTHCARE, was at all times herein mentioned a Delaware corporation licensed to do business in California. Defendant CORIZON provided medical and nursing care to prisoners and detainees in FRESNO County jails, pursuant to contract with the COUNTY OF FRESNO. CORIZON and its employee and agents are responsible for making and enforcing policies, procedures, and training relating to the medical care of prisoners and detainees in Defendant COUNTY OF FRESNO's jails, including providing reasonable medical care to prisoners and detainees, as well as providing reasonable medical care to specific prisoners or detainees as specifically ordered by FRESNO County Superior Court Judges in court orders directed at CORIZON, and all CORIZON policies, procedures, and training related thereto.
>
> 11. Defendant GENEVIVE GARCIA, ("GARCIA") was at all times mentioned a nurse licensed to practice medicine in the State of California, an employee and/ or agent of Defendant CORIZON, and in that capacity provided medical care to prisoners and detainees, including to Decedent JOHN MAYBERRY, and was acting within the course and scope of that employment when providing medical care to Decedent JOHN MAYBERRY. (ECF No. 1.)[6]

---

[6] Plaintiff's opposition contains numerous additional facts that were not alleged in the complaint. The opposition contains additional dates and times for events, identifies certain acts undertaken by particular defendants, and identifies specific policies that were either in effect or violated. (ECF No. 10 at 2, 4-6.) For example, the opposition states that on July 4, 2016 Mayberry attempted to hang himself with a bed sheet and was evaluated by Trow. (*Id.*) This specific allegation is not in the complaint. The complaint merely states that Decedent was "suicidal on multiple occasions at Fresno County Jail[,]" "was previously classified as a high suicide risk[,]" and "[a]t one point, Defendant TROW interviewed Deceedent [*sic*]." (ECF No. 1 at ¶¶ 29, 31.) Furthermore, the opposition identifies specific housing transfers that occurred that are not contained in the complaint. (ECF No. 10 at 4-5.) The Court will not consider such additional allegations. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion") (internal quotation omitted); *see Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008) ("On a motion to dismiss pursuant to Federal Rule of Civil

The paucity of facts which specifically identify Corizon as taking any action besides general statements as to what all Defendants did or knew makes it impossible for the Court to determine if Plaintiff is entitled to relief against Defendant Corizon either with respect to the § 1983 claims or the negligence claim. The court addresses the insufficiency of the § 1983 and § 377.60 claims below. The Court also addresses Defendant's motion to dismiss the request for injunctive relief.

### A. <u>Section 1983 Claims</u>

To state a claim under § 1983, plaintiff must allege that: (1) the defendant was acting under color of state law at the time the complained of act was committed; and (2) the defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998). Parents and children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their child or parent through official conduct. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1075 (9th Cir. 2013). "[T]he Due Process Clause is violated by executive action only when it can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (internal quotation marks omitted). The cognizable level of executive abuse of power is that which "shocks the conscience" and "violates the decencies of civilized conduct." *Id.* at 846. Mere negligence or liability grounded in tort does not meet the standard for a substantive due process claim. *Id.* at 848-49. A Plaintiff can satisfy the "shocks the conscience" standard either by (1) showing that a state official acted with "deliberate indifference," or (2) showing that a state official "acted with a purpose to harm." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). Plaintiff's claims allege

---

Procedure 12(b)(6), the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence"). Plaintiff is free to supplement her complaint with such facts if she chooses to amend her complaint.

7

deliberate indifference on the part of Defendants.[7]

To state a deliberate indifference claim, a prisoner plaintiff must allege both a serious medical need and that defendant official acted, whether through a policy or other action, with a culpable state of mind, *i.e.* with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs"); *Estate of Joshua Claypole v. County of San Mateo*, No. 14-CV-02730-BLF, 2016 WL 127450, at *5 (N.D. Cal. Jan. 12, 2016) ("To set forth a constitutional claim under the Eighth Amendment – or, here, under the Fourteenth Amendment – a plaintiff must show (1) a serious medical need and (2) that an official's response to the need was deliberately indifferent").[8] A "heightened" risk of suicide is considered a serious medical

---

[7] *See Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011) ("The gravamen of [Plaintiff's] claim against [Defendant Sheriff] is deliberate indifference"); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) ("We have long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights by failing to address their medical needs (including suicide prevention) under a deliberate indifference standard").

[8] The Plaintiff does not explicitly indicate in the complaint whether decedent was a pretrial detainee, such that the Fourteenth Amendment applies, or a convicted prisoner, such that Eight Amendment applies. *See Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because a pretrial detainee has not been convicted of a crime, but has only been arrested, the detainee's right to receive adequate medical care derives from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment's protection against cruel and unusual punishment"); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause"). The complaint states that Mayberry was "an inmate serving a sentence at Fresno County Jail." (ECF No. 1 at ¶ 28.) However, the complaint brings § 1983 claims pursuant to the Fourteenth Amendment and not the Eighth, and does not otherwise specify Decedent's custody status. Recently, the Ninth Circuit set forth a less stringent standard for demonstrating deliberate indifference based on failure to protect for pretrial detainees than for convicted prisoners, a holding that arguably applies to all categories of deliberate indifference cases for pretrial detainees. *Castro*, 833 F.3d at 1069 ("In sum, Kingsley rejected the notion that there exists a single "deliberate indifference" standard applicable to all § 1983 claims, whether brought by pretrial detainees or by convicted prisoners"); *Williams v. Cty.*, No. 2:15-CV-01760-SU, 2016 WL 4745179, at *5 (D. Or. Sept. 12, 2016) ("The Ninth Circuit recently set forth a less stringent formulation of the "deliberate indifference" standard for pretrial detainee plaintiff"). However, the Court does not reach the issue of which standard applies here as it finds that the

need. *Simmons v. Navajo County*, 609 F.3d 1011, 1018 (9th Cir.2010).

However, "[l]iability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations." *Hamilton v. White*, No. ED CV 09-02213-PA VB, 2011 WL 836652, at *7 (C.D. Cal. Mar. 9, 2011). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Lumping all the defendants together and only generally alleging actions taken by all defendants is not sufficient to state a claim against Corizon as an entity. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (finding complaint for § 1983 claims was "based on conclusory allegations and generalities" where there were no allegations of specific wrong-doing by each defendant); *Estate of Bock ex rel. Bock v. County of Sutter*, No. 2:11-CV-00536-MCE, 2012 WL 423704, at *6 (E.D. Cal. Feb. 8, 2012) (dismissing § 1983 claims for deliberate indifference with leave to amend where "Plaintiffs [] directed most of their allegations at 'Defendants' generally, making it impossible to discern which Defendants were responsible for which actions"); *Hamilton*, 2011 WL 836652, at *8 ("Plaintiff should state what acts that each individual Defendant did or failed to do to with respect to Plaintiff's medical care. Plaintiff may not simply claim that he has been denied adequate medical care and then list individual Defendants"). [9] "Although Federal Rule of Civil Procedure 8 does not require a claimant to set out in detail the facts upon which he bases his claim, rule 8 does require a short and plain statement that will

---

complaint lacks sufficient factual allegations to reach the question.

[9] *But see Estate of Jessie P. Contreras v. Cty. of Glenn*, No. 2:09-CV-2468-JAM-EFB, 2010 WL 4983419, at *4 (E.D. Cal. Dec. 2, 2010) (denying medical providers motion to dismiss § 1983 claims for Eighth Amendment violations relating to prisoner's suicide while in custody despite lumping medical staff together with jail officials where complaint identified certain policies of medical provider and that Decedent's file noted he was suicidal); *Starr v. Alameda Cty. Jail*, No. 5:12-CV-04400-RMW, 2016 WL 6161519, at *2 (N.D. Cal. Oct. 24, 2016) ("While the complaint does not explicitly allege that Corizon, as opposed to someone else, was responsible for dental staffing decisions, the court finds such an inference plausible based on plaintiff's allegations") (granting leave to amend complaint to add Corizon as defendant).

9

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Provencio v. Vazquez*, 258 F.R.D. 626, 639 (E.D. Cal. 2009). Because the complaint does not identify what specifically Corizon did, it has not provided "fair notice" of Plaintiff's claim.

A private entity such as Corizon "that contracts with the government to provide medical and mental health care may be considered a state actor whose conduct constitutes state action under Section 1983." *Estate of Jessie P. Contreras v. County of Glenn*, No. 2:09-CV-2468-JAM-EFB, 2010 WL 4983419, at *4 (E.D. Cal. Dec. 2, 2010) (citing *Jensen v. Lane County*, 222 F.3d 570, 574-75 (9th Cir. 2000)). The Ninth Circuit has held that there is "no basis in the reasoning underlying *Monell*[10] to distinguish between municipalities and private entities acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). Accordingly, the holdings of *Monell* apply to Corizon. *Starr v. Alameda Cty. Jail*, No. 5:12-CV-04400-RMW, 2016 WL 6161519, at *2 (N.D. Cal. Oct. 24, 2016) ("the holdings of *Monell* and its progeny apply to Corizon"); *see also Johnson v. Corizon Health, Inc.*, No. 6:13-CV-1855-TC, 2015 WL 1549257, at *10 (D. Or. Apr. 6, 2015) ("An entity such as Lane County or Corizon cannot be held liable under a theory of respondeat superior…[but] Corizon can be liable under [*Monell*]") (citing *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)).

"A municipality may be held liable under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (quoting *Monell*, 436 U.S. at 694). To establish municipal liability under § 1983, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the County had a policy or custom; (3) the policy or custom amounted to a deliberate indifference to her constitutional right; and (4) the policy

---

[10] *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, a local government body can be held liable under § 1983 for policies of inaction as well as policies of action. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012).

was the moving force behind the constitutional violation. *Id.* (internal quotation marks omitted). In a case alleging a policy of inaction amounting to deliberate indifference, this requires showing that defendant "was on actual or constructive notice that its omission would likely result in a constitutional violation." *Tsao*, 698 F.3d at 1145 (citations omitted). With respect to the causation requirement, "[t]he plaintiff must also demonstrate that, through its deliberate conduct, the [entity] was the 'moving force' behind the injury alleged[,]" *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997), such that the plaintiff must show "that the policy caused the violation in the sense that the municipality could have prevented the violation with an appropriate policy." *Tsao*, 698 F.3d at 1143 (internal quotation omitted).

In this case, the complaint contains no allegations concerning "a *specific* policy implemented by [Corizon] or a *specific* event or events instigated by [Corizon] that led" to the purported constitutional violation. *Hydrick*, 669 F.3d at 942 (finding allegations failed to state a claim against Defendants in their individual capacities where "Plaintiffs allege[d] that the Defendants are: (a) liable for their own conduct because they created policies and procedures that violated the Plaintiffs' constitutional rights; and, (b) liable because they were deliberately indifferent to their subordinates' constitutional violations"). The complaint is devoid of specifics as to Corizon's actions or policies.[11]

---

[11] The only paragraph that references Corizon's policies simply alleges that "CORIZON and its employee and agents are responsible for making and enforcing policies, procedures, and training relating to the medical care of prisoners and detainees in Defendant COUNTY OF FRESNO's jails, including providing reasonable medical care to prisoners and detainees…" (ECF No. 1 at ¶10.) The only identified Corizon employee in the complaint is Defendant Garcia (*Id.* at ¶ 11) but there are no factual allegations concerning specific action taken by her. Plaintiff's opposition includes new facts concerning actions and knowledge of Defendant Whitecotton who the opposition states is a Corizon employee. (ECF No. 10 at 5-6.) Should Plaintiff amend the complaint, the complaint should clarify which Defendants are Corizon employees. Furthermore, Plaintiff is cautioned that Corizon cannot be liable for the actions of its employees on a theory of *respondeat superior* and any amendment should keep the entire *Monell* standard in mind. *See*, *e.g.*, *Tsao*, 698 F.3d at 1139 ("a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words ... on a *respondeat superior* theory. To create liability under § 1983, the constitutional violation must be caused by a policy, practice, or custom of the entity…") (internal citation omitted).

The absences of such specifics makes it difficult to determine whether Corizon may be liable for the alleged constitutional violations. *Estate of Bock*, 2012 WL 423704, at *6 ("Accordingly, while a failure to treat Decedent's condition could potentially give rise to a constitutional violation, Plaintiffs have not pled the requisite facts relating to the individual Defendants").

The Court here cannot determine which alleged policies (or lack thereof) may be properly attributable to Corizon. Therefore it is not at all clear if or how Corizon's policies may have *caused* an alleged constitutional violation. *See Sahymus v. Tulare Cty.*, No. 1:14-CV-01633-MCE, 2015 WL 3466942, at *6 (E.D. Cal. June 1, 2015) (holding that "omissions by policymakers can lead to liability under *Monell*, [but] Plaintiffs must still show that the omission caused an employee to commit a constitutional violation" and dismissing *Monell* claim where there was "no reference to an actual policy of Corizon…" and "Plaintiffs were unable to show the constitutional violation was caused by Corizon staff acting under a Corizon policy (or lack thereof)…"); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation") (quoting *Monell*, 436 U.S. at 706); *Vivanco v. California Dep't of Corr. & Rehab.*, No. 117CV00434LJOBAM, 2017 WL 2547026, at *4 (E.D. Cal. June 13, 2017) (where the complaint included allegations that "customs, practices or policies" at the State Prison led to inmate's suicide including the "failures to establish a suicide prevention program, to provide staff and training in order to offer adequate psychiatric care, to implement sufficient safety and suicide prevention guidelines, and to properly classify and house suicidal inmates[,]" this was not sufficient to establish individual liability under § 1983 to survive a motion to dismiss). Because the complaint is devoid of specific facts concerning Corizon's conduct or policies, the Court cannot determine if it is liable for a potential constitutional violation under § 1983.

Accordingly, Defendant Corizon's motion to dismiss the first, second, and fourth causes of action asserting § 1983 claims against Corizon is GRANTED WITH LEAVE TO AMEND.

B. **Negligent Wrongful Death Claim Pursuant to CCP § 377.60**

Defendant here argues that Plaintiff has not offered factual allegations that plausibly suggest a wrongful death negligence claim as Plaintiff does not offer any non-conclusory allegations that establish the elements of a negligence claim as to Corizon. (ECF No. 9 at 4-6.) Plaintiff opposition argues that Corizon owed a duty of care pursuant to California Government Code § 845.6 and that duty was breached which was a substantial factor in decedent's death. (ECF No. 10 at 3-5.)[12] To support this argument, Plaintiff's brief identifies specific actions by certain Corizon employees that are neither alleged to be Corizon employees in the complaint nor alleged to have taken any specific action in the complaint. (*Id.* at 4-5.)[13]

California Code of Civil Procedure § 377.60 establishes a separate statutory cause of action in favor of specified heirs of a person who dies as a result of the "wrongful act or neglect" of another. Cal. Civ. Proc. Code § 377.60. Under a wrongful death cause of action, the specified heirs are entitled to recover damages on their own behalf for the loss they have sustained by reason of the victim's death. *See Jacoves v. United Merchandising Corp.*, 9 Cal. App. 4th 88, 105 (1992). "The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the *pecuniary loss* suffered by the heirs." *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1263 (2006) (emphasis in original) (internal citation omitted). Although it is a statutorily-created action, a wrongful death suit predicated on negligence must still

---

[12] California Government Code §845.6 addresses liability for public employees and public entities when a public employee "knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6. By it terms § 845.6 does not apply to Corizon and Plaintiff does not offer any authority for how the statute could be extended to apply to Corizon. Corizon is alleged to be a Delaware corporation contracting with the County of Fresno – not a public entity. (ECF No. 1 at ¶ 10); *see, e.g.*, *Diamond v. Corizon Health, Inc.*, No. 16-CV-03534-JSC, 2016 WL 7034036, at *3 (N.D. Cal. Dec. 2, 2016) ("Section 845.6 liability does not extend to private entities under contract with the State")

[13] The Court already deemed it inappropriate to consider additional facts presented in Plaintiff's brief rather than as alleged in the complaint. *See supra* note 6.

contain the elements of actionable negligence. *Jacoves*, 9 Cal. App. 4th at 105 ("In any action for wrongful death resulting from negligence, the complaint must contain allegations as to all the elements of actionable negligence"). To state a claim for negligence requires proof that (1) defendant had a duty to use care, (2) defendant's breached that duty, and (3) the breach of duty was the proximate or legal cause of the resulting injury. *Hayes v. County of San Diego*, 57 Cal. 4th 622, 629 (2013) (internal citation omitted).

"In order to adequately allege a wrongful death claim, Plaintiffs must allege a wrongful act or neglect on the part of one or more persons that caused the death of another person." *Bock v. County of Sutter*, No. 2:11-CV-00536-MCE, 2012 WL 3778953, at *19 (E.D. Cal. Aug. 31, 2012). However, as discussed above, Plaintiff has not identified any acts or neglect on the part of Corizon or any Corizon employee.

Accordingly, Defendant Corizon's motion to dismiss the fifth cause of action for wrongful death pursuant to Cal. Civ. Pro. Code § 377.60 is GRANTED WITH LEAVE TO AMEND.

**C.     Prayer for Injunctive Relief**

Defendant also requests that the Court dismiss Plaintiff's "injunctive relief claim" because "she lacks standing to pursue it." (ECF No. 9 at 9.) The complaint's prayer for relief requests "injunctive relief as the court deems appropriate including that the policies of Defendant County… relevant to authorizing, allowing, or ratifying the practice by its Jail Personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates.[*sic*]" (ECF No. 1 at p. 13.) Plaintiff in response argues that she has alleged sufficient facts to show that "Mayberry's death is the direct result of a failed policy, pattern and practice with respect to the health of inmates" and as such the request for injunctive relief is sufficient to survive at the pleading stage. (ECF No. 10 at 7.)

A plaintiff seeking injunctive relief must demonstrate a "real or immediate threat that they will be *wronged again*—a likelihood of substantial and immediate irreparable injury." *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (emphasis added). "Past exposure to harmful or illegal conduct does

not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects. Nor does speculation or subjective apprehension about future harm support standing." *Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015) (internal quotation omitted).

As an initial matter, the Court notes that the prayer for injunctive relief does not pertain to Corizon but rather to Defendant County. However, because Defendant has raised the jurisdictional issue of standing, the Court has a duty to address it. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). It appears from the face of the complaint that Plaintiff cannot establish standing to pursue injunctive relief because the allegations are insufficient to create a "likelihood that [Plaintiff] will again be wronged in a similar way…" *Lyons*, 461 U.S. at 111. Plaintiff's son is deceased and Plaintiff has not shown that the County's alleged deliberate indifference to serious medical needs in Fresno County Jails is likely to cause her harm in a similar way again. *Neuroth v. Mendocino County*, No. 15-CV-03226-NJV, 2016 WL 379806, at *3 (N.D. Cal. Jan. 29, 2016) ("Because the injury was perpetrated on the decedent [a pretrial detainee], there is no risk of future harm. Accordingly, the request to dismiss the requests for prospective injunctive relief is granted with prejudice"); *see, e.g.*, *Ashcroft v. Mattis*, 431 U.S. 171, 172-73, n. 2 (1977) (in case where father, whose son was killed by police, sought declaratory relief that state statute authorizing use of deadly force was unconstitutional, Plaintiff's allegation that he had another son who could be subjected to such unconstitutional violation did not "establish the existence of a present, live controversy"). While it appears unlikely that Plaintiff will be able to establish standing to pursue injunctive relief under the circumstances, in an abundance of caution, the Court grants Plaintiff to leave to amend to establish standing to pursue injunctive relief.

Accordingly, Defendant Corizon's motion to dismiss the injunctive relief is GRANTED WITH LEAVE TO AMEND.

### **VI. CONCLUSION AND ORDER**

For the reasons set forth above, Defendant Corizon's motion to dismiss the § 1983 claims and § 377.60 wrongful death claim is GRANTED WITH LEAVE TO AMEND. The Court further

15

GRANTS WITH LEAVE TO AMEND Corizon's motion to dismiss the injunctive relief sought. Plaintiff shall file any amended complaint within twenty (20) days of electronic service of this Memorandum Decision and Order.

IT IS SO ORDERED.

Dated:  **April 5, 2018**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE